IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TARRANCE J. GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:20-cv-996-ECM |
| | ) | [WO] |
| ENTERPRISE HOLDINGS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Now pending before the Court is the parties' joint motion for approval of settlement under the FLSA and to dismiss all claims with prejudice (doc. 14) filed on November 10, 2021. For the reasons explained below, the motion is due to be granted.

Plaintiff Tarrance J. Gordon brings this action against Defendant Enterprise Holdings, asserting claims of race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII") and 42 U.S.C. § 1981; retaliation in violation of Title VII and § 1981; age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1); religious discrimination in violation of Title VII; and violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). With respect to his FLSA claim, the Plaintiff alleges that he was not paid for all of the overtime he worked, and he seeks compensatory damages, liquidated damages, attorney's fees, and costs. The parties move the Court to approve their settlement of the Plaintiff's FLSA claim, which they reached during mediation with a neutral. The Court has a duty to scrutinize the proposed settlement for fairness. *Lynn's Food Stores, Inc. v. United States*,

679 F.2d 1350, 1353 (11th Cir. 1982).  A settlement is fair when it is a "reasonable compromise" or a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354–55.  Upon review of the proposed settlement, the Court finds that the parties have reached an agreement based on a negotiated, reasonable compromise of a bona fide dispute over FLSA provisions.  Further, the Court finds that the agreement reflects a fair and reasonable resolution of the dispute between the parties.

The parties also represent to the Court that they have separately agreed to a settlement of the Plaintiff's discrimination and retaliation claims. (Doc. 14 at 2).  They ask that the Court dismiss this case with prejudice.

Accordingly, for the reasons stated, and for good cause, it is

ORDERED as follows:

1. The parties' joint motion for approval of settlement under the FLSA and to dismiss all claims with prejudice (doc. 14) is GRANTED;

2. This action is DISMISSED WITH PREJUDICE, with each party to bear their own costs, except as otherwise set forth in the parties' settlement agreement (*see* doc. 14-1);

3. The telephone status conference set for March 14, 2022 at 10:00 a.m. is CANCELED.

A separate Final Judgment will enter.

DONE this 11th day of March, 2022.

                                               /s/ Emily C. Marks  
                                          EMILY C. MARKS  
                                          CHIEF UNITED STATES DISTRICT JUDGE